UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PROTECT THE PUBLIC'S TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-0138 (JEB) |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, defendant respectfully cross-moves for summary judgment in its favor. In support of this motion, defendant respectfully refers the Court to the accompanying memorandum of law, statement of material facts, and the agency declaration and the exhibits thereto. Also attached is a proposed order.

Dated:  June 30, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  /s/ Marsha W. Yee
MARSHA W. YEE
Assistant United States Attorney, Civil Division
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone:  (202) 252-2539
Email:  Marsha.Yee@usdoj.gov

*Counsel for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST, )<br><br>Plaintiff, )<br><br>v. )<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY, )<br><br>Defendant. ) | Civil Action No. 22-0138 (JEB) |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This case arises from a Freedom of Information Act ("FOIA") request that plaintiff Protect the Public's Trust submitted to defendant U.S. Department of Homeland Security (the "Department"), albeit to the Office for Civil Rights and Civil Liberties only and not to the Privacy Office.

The only remaining issue in this case is the Privacy Office's positions on the FOIA request directed to it. See ECF No. 9, Prop. Br. Schedule at 1 ("In their briefing, the parties will only address the [Department's] Privacy Office's positions regarding the Freedom of Information Act request directed to it.").[1]

---

[1]    See also id. ("On June 2, 2022, the Defendant informed Plaintiff that it had conducted an additional review of the documents provided by the Office of Civil Rights and Civil Liberties and provided Plaintiff with a corrected production.  Plaintiff subsequently advised that it will no longer challenge the adequacy of the search conducted by the Department's Office of Civil Rights and Civil Liberties or the withholdings for records located by that office.").

Defendant now cross-moves for summary judgment because the Privacy Office has no record of receipt of this FOIA request in accordance with its regulations and thus, it had no obligation to conduct a search or respond to this request. Accordingly, the Court should grant judgment in defendant's favor.

## BACKGROUND

Defendant incorporates herein the attached Defendant's Statement of Material Facts ("Def. SMF") and the attached Declaration of Catrina Pavlik-Keenan.

## STANDARDS OF REVIEW

### I.    Motion for Summary Judgment Under Rule 56

Under Federal Rule of Civil Procedure 56, a court will grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" when it "might affect the outcome of the suit under the governing law." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

### II.    Summary Judgment in the FOIA Context

"In a FOIA action, '[s]ummary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith.'" *Eddington v. Dep't of Def.*, 35 F.4th 833, 837 (D.C. Cir. 2022).

"'[R]eceipt' of a FOIA request triggers an agency's obligation to respond." *Id.* Thus, "if an agency moves for summary judgment and provides sufficient evidence that it did not receive a request, the requester—as the non-movant seeking to support . . . [an] essential element[ ] of [his] claim,—must come forward with proof to create a genuine dispute of fact that he sent the FOIA

request to the agency and the agency received it[.]" *Id.* (citations and internal quotation marks omitted); *see also Flete-Garcia v. Dep't of Just.*, Civ. A. No. 19-2382 (RDM), 2021 WL 1146362, at *5 (D.D.C. Mar. 25, 2021) ("An agency's disclosure obligations [under FOIA] are not triggered . . . until it has received a proper FOIA request in compliance with its published regulations.").

"As is true for agency declarations submitted to establish the adequacy of a FOIA search for requested records, an agency's declaration attesting to a fruitless search for a request must be 'relatively detailed and non-conclusory, and . . . submitted in good faith.'" *Eddington*, 35 F.4th at 837. "If it is, the declaration is accorded a presumption of good faith, which the requester cannot rebut with 'purely speculative claims about the existence and discoverability of [the request].'" *Id.*

## ARGUMENT

The Court should grant summary judgment in defendant's favor because the Privacy Office has demonstrated that it did not receive plaintiff's FOIA request in accordance with its regulations and thus, it had no obligation to conduct a search or respond to that request. Def. SMF ¶¶ 3-4; *see Flete-Garcia*, 2021 WL 1146362, at *5 ("An agency's disclosure obligations [under FOIA] are not triggered . . . until it has received a proper FOIA request in compliance with its published regulations.").

Further, as explained in the Pavlik-Keenan Declaration, the Privacy Office "only received the FOIA request from [the Office for Civil Rights and Civil Liberties] as part of the administrative record accompanying the 23-page FOIA referral of records from [the Office for Civil Rights and Civil Liberties]." Pavlik-Keenan Decl. ¶ 13. The Privacy Office "was in receipt of plaintiff's FOIA request letter for informational purposes only in conjunction with that referral." *Id.* "Because [the Office for Civil Rights and Civil Liberties] did not create a transfer of the request itself to the Privacy Office, [the Privacy Office] did not construe it as a new case in which it would

conduct a search for responsive records." *Id.* Contrary to plaintiff's view, *see* ECF No. 10-2, Pl. Mem. at 3, the January 5, 2022, letter that provided tracking number 2022-HQFO-00410 "only acknowledged receipt of the 23 pages and the FOIA request in the context of accompanying the referred records—not as a NEW FOIA request to [the Privacy Office] to conduct a search." *Id.*

As for plaintiff's argument that the Office for Civil Rights and Civil Liberties should have routed this FOIA request to the Privacy Office, Pl. Mem. at 4, that request was properly directed to the Office for Civil Rights and Civil Liberties, which had responsive records, as demonstrated by the 23 pages that it located, and the Office for Civil Rights and Civil Liberties would have no reason to believe that plaintiff did not separately submit a FOIA request to the Privacy Office, Pavlik-Keenan Decl. ¶ 14. That is, contrary to plaintiff's position, no "misrouting" or "misdirection" occurred here. *See id.*; *see also Jimenez v. Dep't of Homeland Sec.*, Civ. A. No. 19-21546, 2022 WL 1642460, at *7 (S.D. Fla. Feb. 24, 2022) (applying "misrouting" regulation found at 6 C.F.R. § 5.4(c), noting "the text of the regulation does not encompass 'partial misdirection' or require 'referral'; it addresses 'misdirection' and requires 'routing[,]'" and holding that the component that received the request and advised the requester that certain records were the record of another component had no duty to refer that portion of the request to that component).

Under these circumstances, the Court should conclude that plaintiff has not provided proof to create a genuine dispute of fact that plaintiff sent this FOIA request to the Privacy Office and that the Privacy Office received it. Accordingly, the Court should grant defendant's cross-motion for summary judgment and deny plaintiff's motion for summary judgment

## CONCLUSION

For the foregoing reasons, the Court should grant defendant's cross-motion for summary judgment and deny plaintiff's motion for summary judgment.

Dated:  June 30, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _/s/ Marsha W. Yee_____
MARSHA W. YEE
Assistant United States Attorney, Civil Division
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone:  (202) 252-2539
Email:  Marsha.Yee@usdoj.gov

*Counsel for Defendant*