UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendant. | Civil Action No. 22-0138 (JEB) |

**REPLY IN FURTHER SUPPORT OF**
**DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

This case is about whether the Court should permit a requester to benefit from its own mistake of not submitting a Freedom of Information Act ("FOIA") request to defendant U.S. Department of Homeland Security's (the "Department") Privacy Office in accordance with the Department's regulations.

Plaintiff Protect the Public's Trust essentially admits that it submitted its FOIA request to the Department's Office for Civil Rights and Civil Liberties only and that it did not submit that request to the Department's Privacy Office. *See* ECF No. 13-1, Pl. Resp. to Def.'s Statement of Material Facts ("Pl. Resp.") ¶¶ 1, 3. At issue here is plaintiff's omission, not its intentions. *See id.* ¶ 1 (denying "any implication that submission to the Office of Civil Rights and Civil Liberties was or was intended to be exclusive").

The Office for Civil Rights and Civil Liberties is not designated to receive FOIA requests generally on behalf of the Department, July 25, 2022, Pavlik-Keenan Decl. ("Pavlik-Kennan Suppl. Decl.") ¶ 4, contrary to plaintiff's apparent view, *see* ECF No. 13, Pl. Mem. at 2-3 (referring

to "any component . . . authorized to receive FOIA requests"); Pl. Resp. ¶ 1 (referring to a component "that is designated to receive [FOIA] requests").

Plaintiff does not benefit from the regulation regarding "misdirected" requests, *see* Pl. Mem. at 4, because the Office for Civil Rights and Civil Liberties is designated to receive FOIA requests for its records and it had records that were responsive to this FOIA request. ECF No. 12-3, Pavlik-Kennan Decl. ¶ 14. Thus, the Office for Civil Rights and Civil Liberties had no obligation and no reason to transfer the request to the Privacy Office as a misdirected request, as plaintiff argues, Pl. Mem. at 5, because plaintiff properly submitted it to the Office for Civil Rights and Civil Liberties. Pavlik-Kennan Suppl. Decl. ¶ 5.

The Department's opening memorandum cited *Flete-Garcia v. Department of Justice*, Civ. A. No. 19-2382 (RDM), 2021 WL 1146362, at *5 (D.D.C. Mar. 25, 2021), because it states "[a]n agency's disclosure obligations [under FOIA] are not triggered . . . until it has received a proper FOIA request in compliance with its published regulations." Def. Mem. at 4. The outcome of this case turns on this Court's interpretation of the Department's regulations. In contrast, the *Flete-Garcia* Court denied the agency's motion for summary judgment with respect to three requests because the complaint attached, among other things, return receipts or a certified mail receipt that were signed, 2021 WL 1146362, at *2, *5, and the agency declaration apparently omitted certain information and merely offered that the requests were not logged and did not represent that the agency never actually received the mailings, *id.* at 6 & n.6. Thus, the Court should reject plaintiff's suggestions that the Department mischaracterized or misplaced its reliance on *Flete-Garcia.* *See* Pl. Mem. at 4 (pointing out, for no apparent reason, that the next line in *Flete-Garcia* quotes FOIA rather than an agency regulation and that the Department "omits what happened in [*Flete-Garcia*]").

Similarly, plaintiff's attempt to distinguish *Jimenez v. Department of Homeland Security*, Civ. A. No. 19-21546, 2022 WL 1642460, at *7 (S.D. Fla. Feb. 24, 2022), falls flat. *See* Pl. Mem. at 6. It is of no moment that the request lists the Privacy Office as an addressee, which indicates plaintiff *intended* to submit it to the Privacy Office, *see id.*, when plaintiff did not submit it to the Privacy Office. Pavlik-Keenan Decl. ¶ 11 ("[The Department] . . . has no records of the [ ] Privacy Office receiving a FOIA request *from Plaintiff* by email, through [the Department web portal, also referenced as PAL], or through the mail.") (emphasis added); Pavlik-Kennan Suppl. Decl. ¶ 3 ("Plaintiff never submitted a FOIA request directly to the Privacy Office through [the Department web portal, also referenced as PAL], by mail, by fax, or by email as is required pursuant to Section 5.3(a)(2) of the DHS FOIA regulations."); *id.* ¶ 6 ("Plaintiff's FOIA request to [the Office for Civil Rights and Civil Liberties] is not a FOIA request to the Privacy Office, nor is the request that accompanied the referral of records by [the Office for Civil Rights and Civil Liberties] to the Privacy Office because it was sent to the Privacy Office as an administrative record associated with the referral only. The Privacy Office never received Plaintiff's FOIA request in the context of a request to conduct a search for responsive records.").

## CONCLUSION

For the foregoing reasons and those set forth in defendant's opening memorandum, the Court should grant defendant's cross-motion for summary judgment and deny plaintiff's motion for summary judgment.

Dated: July 28, 2022

    Respectfully submitted,

    MATTHEW M. GRAVES, D.C. Bar #481052
    United States Attorney

    BRIAN P. HUDAK
    Chief, Civil Division

    By: /s/ Marsha W. Yee
    MARSHA W. YEE
    Assistant United States Attorney, Civil Division
    United States Attorney's Office
    601 D Street, N.W.
    Washington, D.C. 20530
    Telephone: (202) 252-2539
    Email: Marsha.Yee@usdoj.gov

    *Counsel for Defendant*