UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>  Defendant. | Civil Action No. 22-138 (JEB) |

## MEMORANDUM OPINION

Plaintiff Protect the Public's Trust seeks records from several offices within Defendant Department of Homeland Security in this Freedom of Information Act case. The ultimate dispute here relates to whether DHS's Privacy Office formally "received" Plaintiff's FOIA request such that it was obligated to conduct a search for responsive materials. Although the request was addressed to the Privacy Office and although another DHS component — the Office of Civil Rights and Civil Liberties — also transferred the request there, DHS somehow maintains that actual receipt never occurred. This position precipitated PPT's lawsuit and, now, the parties' Cross-Motions for Summary Judgment. Believing that DHS's stance is overly technical, the Court sides with PPT.

**I.      Background**

Protect the Public's Trust, a self-proclaimed "association . . . dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants," seeks documents from DHS relating to certain political appointees. See ECF No. 1 (Compl.), ¶¶ 4,6. Specifically, PPT wishes to obtain materials that it

1

believes "will help contribute to the public understanding of the role DHS officials played in the controversy over deploying federal resources, including law enforcement resources, to investigate parents and citizens upset over local school board policies." Id., ¶ 7. It accordingly submitted a FOIA request to DHS on October 7, 2021, seeking four categories of records relating to the National School Boards Association and the use of federal resources to investigate threats against local school boards and officials. See ECF No. 10-1 (Pl. Statement of Material Facts), ¶ 4; see also ECF No. 1-1 (FOIA Request).

That request listed as recipients the Privacy Office, the Office of Civil Rights and Civil Liberties, and the United States Secret Service — all components of DHS. See FOIA Request at 1. CRCL confirmed receipt of the request and assigned it a tracking number on the day of submission, but there is no evidence that the other two offices did so then. See Pl. SMF, ¶ 7; Compl., ¶ 8. Two months later, CRCL informed Plaintiff that it had identified responsive materials that originated in other DHS offices and had "referred [those] to the DHS Privacy Office (PRIV) for processing and direct response to you." Pl. SMF, ¶ 8; see also ECF No. 1-2 (Dec. 15, 2021, CRCL Letter) at 1. The Privacy Office confirmed receipt of the referral, informing Plaintiff that "your request and 23 pages of responsive records were referred to this office for processing and direct response to you. Your request was received in this office on December 15, 2021." Pl. SMF, ¶ 9; see also ECF No. 1-3 (Jan. 5, 2022, Privacy Office Letter) at 1. That letter, which quoted from PPT's FOIA request, also assigned to that request a Privacy Office reference number. See Pl. SMF, ¶¶ 10–11; Jan. 5 Letter at 2.

In January 2022, having received no records from any DHS office, Plaintiff filed this lawsuit to compel the Department to provide non-exempt documents responsive to its request. See Compl. CRCL made its first production with redactions several months later, in May, which

included the documents it had referred to the Privacy Office, and it then withdrew some redactions in June. See Pl. SMF, ¶¶ 14,15. The Privacy Office, on the other hand, has not conducted an independent search for records. Id., ¶ 17. Indeed, DHS has made clear that the Office will not initiate any search unless and until Plaintiff submits a new FOIA request to it directly. Id. The parties agree that the Privacy Office's response (or lack thereof) is the only remaining issue in this case. Id., ¶ 19; see also ECF No. 12 (Def. Opp./Cross-MSJ) at 2.

PPT now moves for summary judgment, contending that it is entitled to victory because the Privacy Office received its FOIA request but took no action. See ECF No. 10-2 (Pl. MSJ). Defendant counters with its own Cross-Motion, asserting that the Privacy Office never received a proper FOIA request from Plaintiff and thus is not obligated to conduct any search. See Def. Opp./Cross-MSJ. The Court takes up both Motions now.

**II.     Legal Standard**

Summary judgment must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, 477 U.S. 242, 247–48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). A fact is "material" if it is capable of affecting the substantive outcome of the litigation. See Liberty Lobby, 477 U.S. at 248; Holcomb, 433 F.3d at 895. A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Liberty Lobby, 477 U.S. at 248; see also Scott v. Harris, 550 U.S. 372, 380 (2007); Holcomb, 433 F.3d at 895. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine

dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When a motion for summary judgment is under consideration, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor." Liberty Lobby, 477 U.S. at 255; see also Mastro v. PEPCO, 447 F.3d 843, 850 (D.C. Cir. 2006); Aka v. Washington Hospital Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*).  On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

When both parties move for summary judgment, the court shifts the beneficiary of the factual inferences.  Once it "determines that one party is not entitled to summary judgment, it changes tack on the cross motion and gives the unsuccessful movant all of the favorable factual inferences that it has just given to the movant's opponent." Clark v. Vilsack, No. 19-394, 2021 WL 2156500, at *2 (D.D.C. May 27, 2021) (internal quotation marks omitted).  It is of course "possible for a court to deny summary judgment to both sides." Id.

FOIA cases typically and appropriately are decided on motions for summary judgment. See Brayton v. Office of the U.S. Trade Representative, 641 F.3d 521, 527 (D.C. Cir. 2011).  In a FOIA case, a court may grant summary judgment based solely on information provided in an agency's affidavits or declarations when they "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Larson v. Department of State, 565 F.3d 857, 862 (D.C. Cir. 2009) (citation omitted).  Such affidavits or declarations "are accorded a presumption of good faith." SafeCard Services, Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991).  "Unlike the

review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious," FOIA "expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'"  U.S. Department of Justice v. Reporters Committee for Freedom of Press, 489 U.S. 749, 755 (1989) (quoting 5 U.S.C. § 552(a)(4)(B)).

### III.  Analysis

The FOIA statute provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available."  5 U.S.C. § 552(a)(3)(A).  An agency has 20 business days "after the receipt of any such request" to notify the requester of how it will handle its application for records.  Id. § 552(a)(6)(A)(i).  Consistent with this statutory mandate, federal courts have jurisdiction to order the production of records that an agency improperly withholds.  Id. § 552(a)(4)(B); Reporters Committee for Freedom of Press, 489 U.S. at 754–55.  "At all times courts must bear in mind that FOIA mandates 'a strong presumption in favor of disclosure.'"  National Association of Home Builders v. Norton, 309 F. 3d 2, 32 (D.C. Cir. 2002) (quoting Department of State v. Ray, 502 U.S. 164, 173 (1991)).

PPT moves for summary judgment on the ground that the Privacy Office's failure to search for and produce records responsive to its FOIA request violates the agency's obligations under that statute.  See Pl. MSJ at 2–6.  According to Plaintiff, the Office was bound to at least conduct a search because PPT addressed its request to the Office, the Office actually received the request, and, in any event, CRCL was required to redirect the request to the Privacy Office if it was not properly addressed in the first place.  Id.  Defendant rejoins that it is the party entitled to summary judgment because, while the Privacy Office received the request as part of a referral

from CRCL, it never received a proper FOIA request from Plaintiff and thus had no responsibility to conduct a search of its own records. See Def. Opp./Cross-MSJ at 4–5. Since the critical facts — namely, that the request was addressed to the Privacy Office and that the Privacy Office did receive some version of the request — are uncontroverted, resolution of these Cross-Motions turns on a purely legal question regarding "receipt."

"[I]t is undisputed that 'receipt' of a FOIA request triggers an agency's obligation to respond." Eddington v. United States Department of Defense, 35 F. 4th 833, 837 (D.C. Cir. 2022) (citing 5 U.S.C. § 552(a)(6)(A)(i) and collecting cases). Neither FOIA nor the D.C. Circuit's caselaw, however, clearly defines what constitutes "receipt." Courts in this district, for example, have consistently found that a plaintiff's demonstration that she sent a FOIA request is not sufficient without additional evidence to establish that the agency actually received it. See, e.g., Kayana v. Alcohol, Tobacco, Firearm, & Explosives, 284 F. Supp. 3d 1, 2–3 (D.D.C. 2018) (granting summary judgment to government where plaintiff established that he had mailed request but agency submitted declaration attesting to non-receipt). But no court appears to have addressed the situation here, where the relevant agency office has received the request as part of a referral. See ECF No. 12-3 (First Declaration of Catrina Pavlik-Keenan), ¶ 13 (asserting that Privacy Office "only received the FOIA request from CRCL as part of the administrative record accompanying the 23-page FOIA referral of records from CRCL," not as a new request).

While the Court will make no attempt to set forth a comprehensive definition of what constitutes "receipt" in all cases, it believes that the circumstances here suffice. To begin, it is undisputed that the Privacy Office did receive a copy of the original request as part of the referral of certain records from CRCL. See Pavlik-Keenan Decl., ¶¶ 11, 13. Indeed, the Office confirmed receipt of the referral and the request; it even quoted from the request in its letter to

Plaintiff and assigned it a reference number.  See Jan. 5 Letter at 1.  Second, the Office obtained the request not from some informal submission by Plaintiff, but as a referral from another DHS component.  Third, the request was actually addressed to the Privacy Office in addition to CRCL, which should have given the Office notice that Plaintiff wanted it, too, to search its records.  See FOIA Request at 1.  And if that were not enough to make PPT's wishes clear, the organization repeatedly informed DHS that it believed that the Privacy Office was encompassed in its FOIA request.  See ECF No. 7 (May 9, 2022, Status Report).  This combination of facts entitles Plaintiff to a search of the Office's records.

      Defendant's suggestion that its FOIA obligations were somehow not triggered because of the manner in which it received the request finds little support in the statute and accompanying regulations.  Although FOIA requires requests to be filed "in accordance with published rules stating . . . procedures to be followed," 5 U.S.C. § 552(a)(3)(A), there appears to be no violation here.  As DHS's declarant states, "To make a request for DHS records, a requester should write directly to the FOIA office of the component that maintains the records being sought.  A request will receive the quickest possible response if it is addressed to the FOIA office of the component that maintains the records sought."  Pavlik-Keenan Decl., ¶ 9 (citing 6 C.F.R. § 5.3(a)(1)) (emphasis added).  That encourages — but does not require — people to send their request to the correct office, and it contemplates that some will not do so.  Those requesters will get a slower response, but the regulations do not state that they should receive no response at all.

      Another provision of DHS regulations instructs that when the Department's component offices determine that they have received a request intended for another office, they "shall route the request to the FOIA office of the proper component(s)."  6 C.F.R. § 5.4(c).  That, too, suggests that requests may not always come directly from the requester, and it implies that this is

no reason to refuse compliance with the request altogether.  In the circumstance where CRCL knew that the Privacy Office was an additional intended addressee, for example, one would assume that it would have a duty to forward the request on.  But see Jimenez v. U.S. Department of Homeland Security, No. 19-21546, 2022 WL 1642460, at *7 (S.D. Fla. Feb. 24, 2022) (finding "partial misdirection" outside the scope of 6 C.F.R. § 5.4(c)).

The Court, consequently, concludes that the DHS Privacy Office is obligated under FOIA to search its records for anything responsive to Plaintiff's October 7, 2021, FOIA request.

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's Motion will be granted, and Defendant's Cross-Motion will be denied.  A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: August 10, 2022